HETTIE C. BARROWS, Appellant, *v.* THE FIDELITY AND CASUALTY COMPANY OF NEW YORK, Respondent.

*Barrows* v. *Fidelity & Casualty Co. of N. Y.*, 174 App. Div. 539, affirmed.

(Argued March 5, 1917; decided March 20, 1917.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered November 10, 1916, which reversed an order of Special Term denying a motion for an order requiring plaintiff to make her complaint more definite and certain, or to separately state and number the two causes of action which defendant alleges are set forth in the third cause of action set forth in the complaint, and in the event that said motion be not granted that then and in that event said third cause of action be stricken out as unnecessary surplusage, irrelevant and redundant. The Appellate Division granted the motion to the extent of striking from the complaint the third cause of action. The action · is upon a policy of accident insurance to recover on account of two different alleged accidents for total disability in different sums per week to the date of death and also for different amounts payable for death. The complaint for the first cause of action alleges the total disability and death of Charles C. Barrows resulting from an accident occurring prior to October 15, 1915, on the Baltimore and Ohio railroad. For the second cause of action alleges the total disability and death of Charles C. Barrows as the result of an accident occurring October 21, 1915, at Fifth avenue and Fifty-sixth street in New York city, and for the third cause of action combines the two causes set forth in the first and second causes of action and alleges that from both of the accidents therein set forth assured suffered disability and death and demands judgment on both. The following questions were certified: " I. Do the allegations of the complaint designated ' for a third cause of action ' state two separate or distinct causes of action ? II. If the said alleged third cause of

action states two separate causes of action, would the same, when separately stated and numbered, and thus being a repetition of the first and second alleged causes of action, be irrelevant and redundant? III. Are the allegations of the complaint designated 'for a third cause of action,' in view of the allegations designated as the first and second causes of action, irrelevant and redundant?"

*George Gordon Battle, James A. O'Gorman* and *Addison A. Van Tine* for appellant.

*Edwin A. Jones* for respondent.

Order affirmed, with costs; third question certified answered in the affirmative; first and second questions not answered; no opinion.

Concur: HISCOCK, Ch. J., CHASE, COLLIN, HOGAN, CARDOZO and CRANE, JJ. Not sitting: MCLAUGHLIN, J.